IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:01-CR-39-BO-2
NO. 7:11-CV-57-BO

| | |
|---|---|
| ARTHUR ROZIER )  Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) Respondent. ) | **O R D E R** |

ARTHUR ROZIER )
           Petitioner, )
                                      )
v.                                      )        **O R D E R**
                                        )
UNITED STATES OF AMERICA, )
           Respondent. )

This case is before the Court on Petitioner's Motion to Vacate under 28 U.S.C. §2255 [DE 69], Corrected Motion to Vacate under 28 U.S.C. §2255 [DE 73], Motion to Amend [DE 75], Motion to Discontinue Sentence [DE 76], and on Respondent's Motion to Dismiss [DE 77]. Because Mr. Rozier's motion is untimely, the United States' Motion to Dismiss is GRANTED.

## BACKGROUND

On February 28, 2001, Arthur Rozier was indicted on charges of conspiring to distribute at least fifty grams of cocaine base in violation of 21 U.S.C. § 846, and aiding and abetting Adonis Rozier in distributing cocaine in violation of 21 U.S.C. § 841 (a)(1) and 18 U.S.C. § 2 [DE 3]. Mr. Arthur Rozier plead guilty to the conspiracy charge on June 12, 2001, waiving certain appellate rights in a *Wiggins* waiver. *See United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). In his plea agreement, Mr. Rozier agreed to waive "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255" [DE 26 at 2]. Mr. Rozier was sentenced on November 5, 2001 to 262 months' imprisonment and five years of supervised release [DE 32]. On June 26, 2002, Mr. Rozier filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging that the indictment was defective [DE 35]. This motion was denied on December 23, 2002 [DE 38]. Mr.

Rozier then filed a motion for sentence reduction on July 21, 2009, pursuant to 18 U.S.C. § 3582 (c) [DE 57]. That motion was denied on August 6, 2009 [DE 58]. Mr. Rozier appealed the denial and the Fourth Circuit affirmed the judgment on December 4, 2009 [DE 59, 64]. Mr. Rozier's subsequent petition for rehearing or rehearing en banc was also denied, on February 2, 2010 [DE 67]. Mr. Rozier filed the current petition under § 2255 on March 7, 2011 [DE 69], alleging that his conviction should be set aside because (1) his indictment was defective, (2) his plea was involuntary, and (3) he received ineffective assistance of counsel [DE 75]. The United States filed a motion to dismiss the petition on April 29, 2011 [DE 77].

## DISCUSSION

### I. Mr. Rozier's Petition is Untimely

A one-year limitations period applies to petitions under 28 U.S.C. § 2255. The limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255 (f)(1); *Clay v. United States*, 537 U.S. 522, 524 (2003). Alternatively, if a claim is not immediately apparent at the time of judgment, the limitation period does not begin to run until the date on which the facts supporting that claim "could have been discovered through the exercise of reasonable diligence." 28 U.S.C. § 2255 (f)(4). Absent any claim that governmental action or a new rule announced by the Supreme Court alters this calculus, any petition filed after the running of this one-year period is considered untimely. Here, Mr. Rozier's judgment of conviction was entered on November 20, 2001 [DE 32]. Because he plead guilty and waived his right to appeal the conviction, the limitation period for § 2255 purposes begins to run on the date that judgment became final, November 20, 2001.

### II. Mr. Rozier Cannot Benefit From Equitable Tolling

Equitable tolling is only available in "those rare instances where-due to circumstances

external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Mr. Rozier's pursuit of his motion for sentence reduction, pursuant to 18 U.S.C. § 3582 (c), does not toll the statute of limitations. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). The AEDPA statute of limitations is not tolled while a petitioner pursues other federal remedies. *See, e.g., Trenkler v. United States*, 268 F.3d 16, 25-26 (1st Cir. 2001) (refusing to apply equitable tolling where pursuit of other remedy did not foreclose pursuit of relief under § 2255).

Mr. Rozier's petition alludes tangentially to Operation Tarnished Badge, claiming that officers convicted in that scheme were involved in the investigation in his case. As a result of their involvement, Mr. Rozier claims that his plea was involuntary and his counsel provided ineffective assistance [DE 75]. Although, in a proper case, Operation Tarnished Badge may provide a basis for equitable tolling, *see, e.g., Quintana v. United States*, No. 7:98-CR-94-BO-1, 2010 U.S. Dist. LEXIS 99233 (E.D.N.C. Sept. 21, 2010), Mr. Rozier has failed to include facts in his petition that would state a claim upon which relief may be granted on these grounds. Fed. R. Civ. P. 12 (b)(6). Mere conclusory statements are insufficient to provide a plausible claim for relief. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, Mr. Rozier's bare assertion that "Robeson County Sheriff's Narcotics Division employee's [sic] investigated my case" [DE 83] does not provide sufficient facts to indicate that Mr. Rozier's conviction should be vacated in connection with Operation Tarnished Badge.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Petitioner is not entitled to relief and Respondent is entitled to dismissal of the petition, the Court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484–85.

After reviewing the claims presented in the habeas petition in light of the applicable

standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

Because Mr. Rozier's Motion to Vacate is untimely, the United States' Motion to Dismiss is GRANTED. Mr. Rozier's Motion to Amend and Motion to Discontinue Sentence are DENIED as MOOT.

**IT IS SO ORDERED**, this the 30 day of August, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE